UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE LISA KAYE GOLDEN,<br><br>Debtor,<br><br>―――――――――――<br><br>LISA KAYE GOLDEN,<br><br>Appellant,<br><br>v.<br><br>RICHARD M KIPPERMAN,<br><br>Appellee. | Case No.: 18-cv-2359-GPC-RBB<br>Bankruptcy No. 17-06928-MM<br><br>**ORDER GRANTING APPELLEE/TRUSTEE'S MOTION TO DISMISS BANKRUPTCY APPEAL AND DENYING APPELLANT'S MOTION FOR EXTENSION OF TIME TO FILE NOTICE OF APPEAL**<br><br>**[Dkt. Nos. 3, 6.]** |

Appellee/Trustee Richard Kipperman ("Appellee" or "Trustee") filed a motion to dismiss this bankruptcy appeal for lack of jurisdiction on October 12, 2018. (Dkt. No. 3.) Appellant did not file a timely opposition on November, 16, 2018; instead, on December 4, 2018, Appellant Lisa Kaye Golden ("Appellant" or "Golden") filed an opposition to the motion to dismiss as well as a motion for extension of time to file her notice of appeal. (Dkt. No. 6.) On December 10, 2018, Appellee filed a reply. (Dkt. No. 8.)

1

Based on the reasoning below, the Court GRANTS the Trustee's motion to dismiss for lack of jurisdiction and DENIES Golden's motion for extension of time to file a notice of appeal.

## Background

On November 15, 2017, Appellant, as debtor, filed her petition for relief under Chapter 7 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Southern District of California (the "bankruptcy court"), Case No. 17-06928-MM7. (Dkt. No. 3-1, Kipperman Decl. ¶ 1.) Appellee Richard M. Kipperman was appointed by the bankruptcy court as the Chapter 7 Trustee. (Id.)

On February 22, 2018, Appellee, as Trustee, filed an adversary proceeding in Bankruptcy Case No. 18-90021-MM7, entitled <u>Richard M Kipperman, Chapter 7 Trustee v. Lisa Kaye Golden, an individual; Lisa Kaye Golden, Trustee of the Andreas Trust Dated November 26, 2001; and MLP 1005, Inc., an inactive, administratively dissolved Wyoming Corporation,</u> ("Adversary Proceeding" or "AP") in order to recover real property located at 520 4th Street, Imperial Beach, California 91932 ("Property") for the bankruptcy estate which the debtor failed to list in her schedules as an asset. (Id. ¶ 2.)

On July 19, 2018, the Trustee filed an emergency motion for restraining order and preliminary injunction to prevent dissipation of assets and related orders. (AP, Dkt. No. 57.) On July 20, 2018, the bankruptcy court issued an order granting a restraining order in favor of the Trustee and scheduled the matter for a hearing on August 31, 2018 on the preliminary injunction. (Id., Dkt. No. 70.) On August 31, 2018, the bankruptcy court conducted an evidentiary hearing. (Id., Dkt. No. 122.) On September 13, 2018, the bankruptcy court issued an order granting the preliminary injunction. (Id., Dkt. No. 139, "PI Order"), which is the Order that is the subject of this appeal.

On October 9, 2018, Appellant filed her notice of appeal challenging the bankruptcy court's order granting preliminary injunction. (Dkt. No. 1.) Appellee filed the instant motion to dismiss because Appellant filed her notice of appeal well past the 14 days allowed by the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rule")

2

8002(a)(1). Appellant filed a late opposition as well as a motion for extension of time to file her notice of appeal late and Appellee filed a reply.

## Discussion

A final order or judgment of a bankruptcy court may be appealed to a federal district court. 28 U.S.C. § 158. Bankruptcy Rule 8002 requires a notice of the appeal to be filed within 14 days after the order is entered. Fed. R. Bankr. P. 8002(a)(1). The bankruptcy court may extend time to file a notice of appeal when a party files a motion within 14 days or within 21 days after the time prescribed by the rule if the party shows excusable neglect. Fed. R. Bankr. P. 8002(d)(1)(B); In re Wilkins, 587 B.R. 97, 107 (B.A.P. 9th Cir. 2018) (request under Rule 8002(d)(1)(B) must be filed within 14 days or 35 days where there is excusable neglect shown). Finally, "[n]o extension of time may exceed 21 days after the time prescribed by this rule, or 14 days after the order granting the motion to extend time is entered, whichever is later." Fed. R. Bankr. P. 8002(d)(3). Once the time has expired, the order may no longer be appealed even upon showing of excusable neglect. See Moore v. Hogan, 851 F.2d 1125, 1126-27 (8th Cir. 1988) (bankruptcy rule allows only one period of time to seek an extension of time; therefore, if untimely, the issue of excusable neglect need not be considered).

The Ninth Circuit has repeatedly held that the deadline for filing a notice of appeal under Rule 8002 is jurisdictional. In re Ozenne, 841 F.3d 810, 814 (9th Cir. 2016) (BAP lacked jurisdiction to consider any appeal because the appellant did not file a timely appeal); In re Mouradick, 13 F.3d 326, 327 (9th Cir. 1994) ("The provisions of Bankruptcy Rule 8002 are jurisdictional; the untimely filing of a notice of appeal deprives the appellate court of jurisdiction to review the bankruptcy court's order."); In re Delaney, 29 F.3d 516, 518 (9th Cir. 1994) (affirming district court's ruling that the notice of appeal filed 13 days late was not timely despite clerk's failure to mail copy and notice of entry of order as parties have an affirmative duty to monitor the dockets to inform themselves); In re Souza, 795 F.2d 855, 857 (9th Cir. 1986) (vacating district court's judgment and remanding case for dismissal because notice of appeal was not timely filed

under Rule 8002). Moreover, the parties have an affirmative duty to "monitor the dockets to inform themselves of the entry of orders they may wish to appeal." In re Delaney, 29 F.3d at 518 (quoting In re Sweet Transfer & Storage, Inc., 896 F.2d 1189, 1193 (9th Cir. 1990)).

Because timeliness of filing an appeal is jurisdictional, courts lack authority to create equitable exceptions to jurisdictional requirements. Bowles v. Russell, 551 U.S. 205, 214 (2007) (rejecting non-statutory "unique circumstances" exception); see also Melendres v. Maricopa Cnty., 815 F.3d 645, 649 (9th Cir. 2016) ("we are not at liberty to overlook a defect with the notice of appeal no matter how compelling an appellant's argument may be").

Here, on October 9, 2018, Appellant filed a notice of appeal which was 26 days after the PI Order was entered on September 13, 2018. Because Appellant filed her notice of appeal past the 14 day deadline mandated by Bankruptcy Rule 8002(a), her notice of appeal is untimely and the Court lacks jurisdiction. See In re Weilert, 17cv984-LJO, 2018 WL 2064127 (E.D. Cal. May 3, 2018) (dismissing appeal when notice of appeal was filed one day late). Appellant also did not file a motion for extension of time with the bankruptcy court in compliance within the 35 day period provided. See Fed. R. Bankr. P. 8002(d)(1)(B).

In her response, Appellant argues that according to her research, she learned and believed she had 20 days to file her notice of appeal from the date she received the bankruptcy court's order. (Dkt. No. 6, Golden Decl. ¶ 15.) She claims it was not until she received the Trustee's motion to dismiss did she learn of the 14 day rule. (Id. ¶ 16.) Recognizing she failed to comply with the time deadlines, in her opposition, she asks, for the first time, that the Court to grant her an extension of time to file a notice of appeal due

4

to excusable neglect listing numerous reasons to excuse her late filing on December 3, 2018.[1]

The Court disagrees with Appellant's arguments and concludes that she failed to timely file her appeal and it does has not have jurisdiction over the appeal. First, a pro per litigant's failure to comply with procedural rules does not justify a failure to timely file a notice of appeal. See McNeil v. United States, 508 U.S. 106, 113 (1993) (citations omitted) ("While we have insisted that the pleadings prepared by prisoners who do not have access to counsel be liberally construed . . . we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); see Lewis v. McClatchey, No. 08cv75, 2008 WL 4449013, at *2 (S.D. Ohio Sept. 26, 2008) (three appeals filed by pro per not filed within time deadlines under Rule 8002 and dismissed for lack of subject matter jurisdiction). Moreover, a mistaken understanding of a rule by an attorney or pro se litigant is not "excusable neglect" sufficient to justify a missed deadline. In re Bailey, Bankr. No. 07-41381, 2011 WL 7702798, at *3 (Bankr. S.D. Ga. June 21, 2011).

Second, Appellant's request for an extension of time to file her notice of appeal must be made to the bankruptcy court, not this Court. Fed. R. Bankr. P. 8002(d)(1)(B); see In re Budd, 589 B.R. 1, 5 n.3 (D.D.C. 2018) (only bankruptcy court may extend time to appeal) (citing Netzer v. Office of Lawyer Regulation, 851 F.3d 647, 649 (7th Cir. 2017) ("even if he had [filed a motion for extension] in time, still the power to decide [the

---

[1] While the Court recognizes that Appellant may have been confused as to the time deadlines because she was looking at a former version of Bankruptcy Rule 8002 where the deadline to file an appeal was 10 days and an extension of time was to be filed 20 days after the expiration of the ten day period. See Fed. R. Bankr. P. 8002(a) (2008)  In 2009, the time periods under Bankruptcy Rule 8002(a) were amended. Id. advisory committee note 2009 amendments ("10-day periods become 14-day periods; and "20-day periods become 21-day periods"). However, the Bankruptcy Rule has always required the time period to start from the date of the bankruptcy court order is entered not on receipt of the order by the appellant. Even if Appellant was applying the prior time periods, she still failed to timely file the appeal.

5

motion] would have belonged to the bankruptcy judge, not to the district judge or the court of appeals")).

Lastly, Rule 8002 "'does not allow a party to claim excusable neglect after the time period has expired.'" In re Allen, Case No. 16-23, 2018 WL 1940142 at *3 (Bankr. D.D.C. Apr. 20, 2018) (quoting In re Caterbone, 640 F.3d 108, 113-14 (3d Cir. 2011)); In re Herwit, 970 F.2d 709, 710 (10th Cir. 1992) ("The bankruptcy court may extend the time for an appeal only as permitted by Rule 8002(c)."); In re LBL Sports Ctr., Inc., 684 F.2d 410, 412 (6th Cir. 1982) ("Since no request was directed to the bankruptcy judge, the district court should not have passed upon the claim of excusable neglect in the first instance."). Therefore, because Appellant failed to request an extension of time with the bankruptcy court within 35 days of the PI Order, the Court may not consider whether Appellant's failure to timely appeal may be excused and the question of excusable neglect is irrelevant. See Moore, 851 F.2d at 1127 (motion to extend time to appeal by one day was not timely and therefore, jurisdictional defect renders question of excusable neglect irrelevant).

Appellant acknowledges she received the PI order on or around September 18, 2018 which was within the 14 day period to file a notice of appeal and the 35 day period to file a motion for extension of time with the bankruptcy court. In re Wilkins, 587 B.R. at 107 (request for an extension of the deadlines failed because it was filed beyond the timeline provided by the bankruptcy rule). Yet, she failed to do either.

Thus, the Court lacks jurisdiction over the appeal and GRANTS Trustee's motion to dismiss and DENIES Appellant's motion for extension of time to file a notice of appeal.

## Conclusion

Based on the above, the Court GRANTS Trustee's motion to dismiss for lack of jurisdiction for Appellant's failure to timely file a notice of appeal and DENIES

////

////

6

Appellant's motion for extension of time to file her notice of appeal.  The Clerk of Court shall close the case.  The hearing set for December 20, 2018 shall be **vacated**.

**IT IS SO ORDERED.**

Dated:  December 17, 2018

Hon. Gonzalo P. Curiel
United States District Judge